**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ALONZO SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | No. 16 C 3404 |
| | ) | |
| v. | ) | Judge Amy J. St. Eve |
| | ) | |
| Former Chicago Police Department Commander JON BURGE, RICHARD M. DALEY, et al., | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**QUALIFIED HIPAA AND MHDDCA "ATTORNEYS' EYES ONLY" PROTECTIVE ORDER PERTAINING TO DEFENDANT DALEY**

Pursuant to Fed. R. Civ. P. 26(c), the Health Insurance Portability and Accountability Act of 1996 codified primarily at 18, 26 and 42 U.S.C., and 45 C.F.R. §§ 160 & 164, and 740 ILCS 110/1-17, the Court finds:

A. The following words and terms are defined for purposes of this agreed, qualified protective order:

1. "Parties" shall mean plaintiff, the City of Chicago, the individual defendants, the County of Cook and any additional party that this court may subsequently recognize as subject to this qualified protective order, and their attorneys.

2. "HIPAA" shall mean the Health Insurance Portability and Accountability Act of 1996, codified primarily at 18, 26 and 42 U.S.C. (2002).

3. "MHDDCA" shall mean Mental Health and Developmental Disabilities Confidentiality Act, 740 ILCS 110/1-17.

4. "Privacy Standards" shall mean the Standards for Privacy of Individually Identifiable Health Information. *See* 45 C.F.R. §§ 160 & 164 (2000).

5. "PHI" shall mean protected health information, as that term is used in HIPAA and the Privacy Standards. "PHI" includes, but is not limited to, health information, including demographic information, relating to either, (a) the past, present, or future physical or mental condition of an individual; (b) the provision of care to an individual; or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

6. "Mental Health Communication" shall mean "communication" as that term is defined in MHDDCA.

7. "Mental Health Record" shall mean "record" as that term is defined in MHDDCA.

B. The Parties are familiar with HIPAA, MHDDCA, and the Privacy Standards.

C. The Parties recognize that it may be necessary during the course of this proceeding to produce, disclose, receive, obtain, and/or transmit PHI, Mental Health Communications, and/or Mental Health Records of Mr. Daley to other parties in connection with a motion for protective order concerning the notice for Mr. Daley's deposition.

D. The Parties agree to the following terms and conditions:

1. The Parties agree that this order shall apply to the release of PHI, Mental Health Communications, and/or Mental Health Records specifically pertaining to Mr. Daley from any covered entity that is asked to produce PHI, Mental Health Communications and/or Mental Health Records. The Parties do not waive notice requirements of Federal Rule of Civil Procedure 45, which addresses the issuance of subpoenas.

2. Mr. Daley's PHI, Mental Health Communications, and/or Mental Health Records, and all information contained therein, including medical affidavits and medical records

used in support of his motion for protective order concerning the notice of deposition, shall be used solely by counsel to this action and only for purposes of the motion for protective order concerning the notice of deposition and for no other litigation or purposes.

      3.      Due to the confidentiality and privacy rights associated with PHI, Mental Health Communication, and/or Mental Health Records, an "Attorneys' Eyes Only" standard will apply to Mr. Daley's PHI, Mental Health Communications, and/or Mental Health Records, including medical affidavits and medical records used in support of his motion for protective order concerning the notice of deposition. Pursuant to this "Attorneys' Eyes Only" standard, it is ordered no further copies (other than for use by counsel themselves) are to be made of the records and information being protected herein, and at no time are the records and information being protected herein to be made available to, disclosed to, communicated to, or otherwise reviewed by anyone other than counsel of record, without further order of this Court. Counsel shall return all originals and copies of the records and information being protected herein following the proceedings related to the motion for protective order concerning the notice of deposition.

      4.      The Parties agree to store all PHI, Mental Health Communications, and/or Mental Health Records, including medical affidavits and medical records used in support of Mr. Daley's motion for protective order concerning the notice of deposition, according to HIPAA, the Privacy Standards and MHDDCA while it is in their possession.

      5.      Upon termination of this action, the provisions of this order shall continue to be binding on all parties and attorneys to this action.

_____
ENTERED

DATE: March 22, 2017