**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ALONZO SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 16 C 3404 |
| v. ) | |
| ) | Judge Amy St. Eve |
| JON BURGE, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

The Court, in its discretion, grants Plaintiff's motion for leave to serve requests for admission on Defendant Richard M. Daley. [206.]

**STATEMENT**

On March 17, 2016, Plaintiff Alonzo Smith filed the present lawsuit against former Chicago Police Officers, former Cook County State's Attorneys, former City of Chicago officials, including Defendant Richard M. Daley, the City of Chicago, and the County of Cook alleging violations of his constitutional rights, along with supplemental state law claims. Before the Court is Plaintiff's motion for leave to serve requests for admission on Defendant Daley. For the following reasons, the Court, in its discretion, grants Plaintiff's motion.

**FACTUAL BACKGROUND**

Plaintiff alleges that he spent approximately twenty years incarcerated in the Illinois Department of Corrections due to his wrongful conviction of home invasion, armed robbery, and the murder of James Fullilove in 1984. He brings the present civil rights lawsuit after a Circuit Court of Cook County judge vacated his convictions pursuant to the Illinois Post-Conviction Hearing Act, 725 ILCS 5/122-1, and the State of Illinois dismissed all charges against him on October 19, 2015.

Specifically, Plaintiff asserts that Defendant Sergeant John Byrne and Defendant Detective Peter Dignan – at the direction of Defendant Chicago Police Commander Jon Burge – falsely arrested and charged him with Fullilove's murder after Defendants Byrne and Dignan tortured him in order to coerce his confession. He alleges that his case was not an isolated occurrence, but rather the interrogation and torture at the Area 2 Police Headquarters ("Area 2") was part of a long-standing pattern and practice of racially motivated torture, including electric shock, baggings, mock executions, Russian roulette, and beatings dating back to the early 1970s when Defendant Burge was a detective at Area 2 on the midnight shift. Furthermore, Plaintiff contends that personnel in the Chicago Police Department ("CPD"), several Chicago mayors,

successive Superintendents of the Chicago Police, and certain Cook County State's Attorneys concealed their knowledge of this ongoing, systemic torture and abuse.

## LEGAL STANDARDS

Requests for admission under Rule 36 allow the "parties to narrow the issues to be resolved at trial by effectively identifying and eliminating those matters on which the parties agree." *United States v. Kasuboski,* 834 F.2d 1345, 1350 (7th Cir. 1987). In other words, "[a]dmissions are sought, first to facilitate proof with respect to issues that cannot be eliminated from the case, and secondly, to narrow the issues by eliminating those that can be." *See* Fed.R.Civ.P. 36, advisory committee's notes (1970). The Seventh Circuit reviews Rule 36(a) rulings for an abuse of discretion. *See Kalis v. Colgate–Palmolive Co.*, 231 F.3d 1049, 1059 (7th Cir. 2000).

## ANALYSIS

Defendant Daley argues that Plaintiff's proposed Rule 36(a) requests are untimely, and thus the Court should deny Plaintiff's motion for leave to serve these requests. As Defendant Daley notes, "the Court is uniquely familiar with much of the historical background in this case concerning discovery as it relates to Mr. Daley[.]" (R. 217, Resp. at 1.) Indeed, the Court has spent a considerable amount of time and energy to ensure that the parties have conducted discovery pertaining to the former mayor with the utmost care. Due to the complicated nature of this discovery, Plaintiff's counsel repeatedly informed the Court during status hearings that in light of certain answers Defendant Daley had given during his deposition, they would seek leave to serve requests for admissions. As such, Plaintiff's request should come as no surprise to Defendant or his counsel. Moreover, due to the unique nature of the discovery pertaining to the former mayor, Plaintiff's requests to admit are an appropriate solution under the circumstances.

Defendant Daley takes issue with the proposed requests arguing that they do not comport with Rule 36(a). Under Rule 36(a)(5), Defendant Daley will have the opportunity to object to Plaintiff's requests and will also have the opportunity to respond, including setting forth the reasons he cannot admit or answer the request. *See Sommerfield v. City of Chicago,* 251 F.R.D. 353, 356 (N.D. Ill. 2008). More specifically, "[t]he answering party may assert lack of knowledge or information as a reason for failing to admit or deny," but "only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." Fed.R.Civ.P. 36(a)(4). Therefore, Defendant Daley's argument that some of the Rule 36(a) requests are improper is premature.

**DATED:** September 10, 2018

_____
**AMY J. ST. EVE**
United States Circuit Judge
Sitting By Designation