1        IN THE UNITED STATES DISTRICT COURT
              NORTHERN DISTRICT OF ILLINOIS
2                    EASTERN DIVISION

3   ALONZO SMITH,                    ) Docket No. 16 C 3404
                                     )
4                  Plaintiff,        )
                                     )
5            vs.                     )
                                     )
6   JON BURGE, et al.,               ) Chicago, Illinois
                                     ) December 10, 2018
7                 Defendants.        ) 9:00 o'clock a.m.

8            TRANSCRIPT OF PROCEEDINGS - MOTIONS
            BEFORE THE HONORABLE AMY J. ST. EVE
9
    APPEARANCES:
10
    For the Plaintiff:        PEOPLE'S LAW OFFICES
11                            BY:  MR. G. FLINT TAYLOR, JR.
                                   MR. BRAD THOMSON
12                            1180 North Milwaukee Avenue
                              Chicago, Illinois  60622
13
    For Deft. Burge,          HALE LAW, LLC
14  Byrne & Dignan:           BY:  MR. ANDREW M. HALE
                              53 W. Jackson Blvd., Suite 330
15                            Chicago, Illinois  60604

16  For Defts. Shines,        REITER BURNS, LLP
    Needham, Hillard, Daley   BY:  MR. TERRENCE M. BURNS
17  & Estate of Leroy Martin:      MR. PAUL A. MICHALIK
                              311 South Wacker Drive, Suite 5200
18                            Chicago, Illinois  60606

19  For Deft. Cook County     COOK COUNTY STATE'S ATTORNEY'S and
    and Paul Kelly:              OFFICE
20                            BY:  MS. JESSICA M. SCHELLER
                                   MR. DEREK R. KUHN
21                            500 Richard J. Daley Center
                              Chicago, Illinois  60602
22
    For Deft. City            GREENBERG TRAURIG, LLP
23  Of Chicago:               BY:  MR. JOHN F. GIBBONS
                              77 West Wacker Drive, Suite 3100
24                            Chicago, Illinois  60601

25

APPEARANCES (Cont'd):

Court Reporter:                    MR. JOSEPH RICKHOFF
                                   Official Court Reporter
                                   219 S. Dearborn St., Suite 1232
                                   Chicago, Illinois  60604
                                   (312) 435-5562


                   *  *  *  *  *  *  *  *  *  *  *  *  *  *  *

                          PROCEEDINGS RECORDED BY
                          MECHANICAL STENOGRAPHY
                   TRANSCRIPT PRODUCED BY COMPUTER

1        THE CLERK:  16 C 3404, Smith vs. Burge.

2        MR. TAYLOR:  Good morning, Judge, Flint Taylor for

3    the plaintiff Alonzo Smith.

4        MR. THOMSON:  And Brad Thomson, T-h-o-m-s-o-n, also

5    for plaintiff Smith.

6        MS. SCHELLER:  Good morning, your Honor, Assistant

7    State's Attorney Jessica Scheller on behalf of defendants

8    Kelly and Cook County.

9        MR. KUHN:  Assistant State's Attorney Derek Kuhn on

10   behalf of defendant Paul Kelly and Cook County.

11       MR. GIBBONS:  Good morning, your Honor, John Gibbons

12   on behalf of the City of Chicago.

13       MR. MICHALIK:  Paul Michalik and Terry Burns on

14   behalf of defendants Daley, Needham, Hillard, Shines, and

15   Martin.

16       MR. HALE:  Good morning, your Honor, Andy Hale for

17   defendants Burge, Byrne and Dignan.

18       THE COURT:  Good morning.

19       You are here on two motions, both of which seek

20   essentially the same thing:  The motion of Cook County

21   defendants and the City defendants to strike certain portions

22   of plaintiff's notice of acceptance of the Rule 68 offer of

23   judgment.

24       Mr. Taylor, what is your response?

25       MR. TAYLOR:  Yes --

1       THE COURT: They are seeking to strike certain

2   factual allegations that have not been -- that no factual

3   findings have been made on.

4       MR. GIBBONS: Your Honor, I don't mean to interrupt

5   Mr. Taylor, but a preliminary matter. As we discussed in

6   chambers during mediation, the settlement agreement reached by

7   the City and many of the individual defendants has not yet

8   been presented to City Council.

9       THE COURT: Correct.

10      MR. GIBBONS: We're in open court now. I just wanted

11  to --

12      THE COURT: And we are not discussing any amounts.

13  Yes, correct.

14      MR. GIBBONS: Thank you.

15      THE COURT: Correct.

16      MR. TAYLOR: And we were careful not to mention that,

17  Judge.

18      THE COURT: I think his point is do not mention it

19  now either --

20      MR. TAYLOR: No.

21      THE COURT: -- because we are in open court.

22      MR. TAYLOR: Yeah. I had no intention of doing so.

23      THE COURT: Okay.

24      MR. TAYLOR: Judge, I think what -- our response to

25  their offer was predicated on their attempt to add into the

1   offer the statement that this was not an admission of

2   liability.  We felt that because of that, we had the right

3   to -- and it made it relevant -- to state our view of what --

4   why we were taking the offer and what the offer meant to our

5   client.

6           And, so, that's why we added the few paragraphs that

7   we added.

8           The cases that are cited by the defendants in their

9   two motions -- or the case, I should say -- talks about

10  motions to strike being very disfavored; that they have to be

11  completely -- what they're trying to strike has to be

12  completely without merit.

13          What we wrote was brief; I think to the point of what

14  has been established in the past in terms of the County and

15  the County's role in this.  It has been admitted to by the

16  chief officer of the County at an earlier point.

17          And, so, we felt that -- unlike a settlement

18  agreement where you have to swallow the fact that they say

19  that it's not an admission of liability, we felt here an offer

20  of judgment -- since they went beyond the boundaries of just

21  making the offer, that we would clarify our position and what

22  we felt was the reality of the situation.

23          And, so, that's why we did it, and that's the basis

24  of our pleading or our acceptance.

25          THE COURT:  Ms. Scheller?

1          MS. SCHELLER:  Your Honor, the inclusion of the

2   language "this is not an admission of liability" is standard,

3   whereas the inclusion of the factual allegations Mr. Taylor

4   intended to include is not.

5          Moreover, the statements by certain individuals

6   related to other cases or other parties are not relevant here.

7   We offered judgment in a sum certain; we followed the rules;

8   and, Mr. Taylor has responded to that by accepting the

9   judgment, but then attempting to smear both my clients, as

10  well as all of the other parties in this case.

11         I don't believe that that is an appropriate way to

12  move forward, and we do believe that it should be stricken in

13  whole, Paragraphs 3 through 6.

14         THE COURT:  Mr. Gibbons, do you want to add anything?

15         You have also asked to strike Paragraph 2, which I

16  know is subject to the Committee reviewing and approving it.

17  I am not sure what your exact objection to Paragraph 2 is with

18  the reference to Docket 240.

19         MR. GIBBONS:  Your Honor, I don't have it because I

20  came from the train because it was late.  So, I didn't have a

21  chance to pick up the paperwork.  So, I'm going to have to --

22         THE COURT:  Just take a look.  Mr. Michalik has it.

23         MR. TAYLOR:  Paragraph 2 just simply says that the

24  case has been --

25         THE COURT:  Found it?

1    MR. TAYLOR:  -- settled against the City.

2    THE COURT:  I know.  That is why I am asking the

3    question.  I see that as different than Paragraphs 3 through

4    6.

5    MR. MICHALIK:  Well, I would just add, Judge, on

6    behalf of the City defendants that, first off, it's irrelevant

7    to the offer of judgment that was offered by the County.  It

8    has nothing to do with that.  And that's part of the concern

9    that we raised in our motion -- that all of this is completely

10   irrelevant.  We're not any party to that, yet there are

11   allegations based on newspaper articles, things of that

12   nature, in which there are implications against the City

13   defendants, as well as, as we point out in our motion,

14   contrary to the terms of the settlement agreement that was

15   agreed to in chambers.

16   MR. HALE:  And I would just join in that on behalf of

17   my clients, your Honor.

18   MR. GIBBONS:  I don't have anything more to add to

19   that.

20   I mean, that was, I think, our purpose behind

21   Paragraph 2.  I mean, we negotiated hard in chambers.  We all

22   left, worked for 48 hours to get a minute order to the Court

23   that we agreed on, where it was specifically stated that the

24   City defendants and the City were not admitting liability.

25   And, then, to have these paragraphs put in here -- which makes

1   it seem like we're admitting liability and are co-conspirators

2   and there's been factual proof of a cover-up and torture -- is

3   gratuitous to what, I think, the County and the plaintiffs

4   were trying to accomplish.

5          We just -- we literally do not want that unopposed

6   and unobjected to in the public record.

7          THE COURT:  Do you want anything -- the last word,

8   Mr. Taylor.

9          MR. TAYLOR:  The last word is, very simply, Judge, it

10  may have been -- it might be irrelevant if they hadn't put

11  that part in about it's not an admission of liability.  And I

12  think an offer of judgment is different than when you're

13  settling and you -- and that's the terms you agree to.  We

14  didn't agree to those terms in terms of the offer of judgment,

15  and that's why we put the additional language in.

16         So, I don't think it's irrelevant.  I think it's

17  relevant to the choice that the County made.

18         THE COURT:  How is it, under the law, that an offer

19  of judgment is an admission of liability?  Rule 68 does not

20  provide for that.

21         MR. TAYLOR:  I'm sorry, say that --

22         THE COURT:  How is it, under the law, that an offer

23  of judgment is an admission of liability?

24         That is not what the law provides for.  That is not

25  what Rule 68 provides for.

1          MR. TAYLOR:  Well, it's a judgment.  And, so, our

2    interpretation of it is -- and it may be right; it may be

3    wrong.  But that's what -- the terms that we felt that we were

4    accepting.

5          THE COURT:  I am going to grant the motions to strike

6    because an offer of judgment under Rule 68 -- and that is part

7    of the purpose of it -- it is not an admission of liability.

8    And as Mr. Michalik pointed out, the City did not agree to any

9    of these facts.  And no facts have been established in this

10   case.  I have not made any factual findings in connection with

11   this case.  And that was agreed to as part of the settlement

12   with the City.

13         The factual paragraphs you have included in here, 3

14   through 6, again, are not factual findings that the Court has

15   made.  The offer of judgment was made for the reasons set

16   forth in the offer of judgment.  I am going to strike

17   Paragraphs 3 through 6.

18         I see no harm in leaving Paragraph 2 in alone when

19   Paragraphs 3 through 6 are out, because it is a fact.  And it

20   refers to Docket 240, which was an order by the Court.  So,

21   that is not misleading.

22         But given the nature of this proceeding, I am

23   granting the Rule 12(f) motion to strike because this

24   information really is misleading and, again, is nothing that

25   the Court has found.  And the offer of judgment, with the

1  language not admitting liability, is consistent with the law

2  under Rule 68.

3          So, the City's motion -- the County's motion to

4  strike is granted in full.  The City's motion to strike is

5  granted in large part.  I am not striking Paragraph 2.  I am

6  striking Paragraphs 3 through 6.

7          And where are things with the City?  You are still

8  waiting for the meeting.  Can you remind me --

9          MR. GIBBONS:  No --

10          THE COURT:  -- of the date?

11          MR. GIBBONS:  -- we finalized the settlement

12  agreement.  It was finalized on Friday.  But I was traveling,

13  so I didn't have a chance to do the last -- I'm going to get

14  it over to People's Law Office today.

15          THE COURT:  Has it been approved?  Was the amount

16  approved?

17          MR. GIBBONS:  Yes.

18          THE COURT:  Okay.

19          MR. GIBBONS:  No, it's approved at the City level,

20  but we're not going before the Commissioners until, I think --

21          THE COURT:  That was my question.

22          MR. GIBBONS:  -- February or October.

23          MR. TAYLOR:  October?

24          MR. GIBBONS:  I mean February or March.  I'm sorry.

25  That would be a good leeway.  February or March.

1          I know the Court encouraged us to see if we could get

2     it done early --

3          THE COURT:  Yes.

4          MR. GIBBONS:  -- but I do think it's going to be

5     February or March.

6          THE COURT:  Okay.

7          MR. GIBBONS:  City Council meeting.

8          THE COURT:  Anybody --

9          MR. TAYLOR:  Judge, there is an issue -- or potential

10    issue.  I don't know if there still is.  We were gathering up

11    the medical documents --

12         MR. MICHALIK:  Judge --

13         THE COURT:  Yes.

14         MR. MICHALIK:  -- if we could do this at sidebar?

15         MR. TAYLOR:  Oh, I'm sorry, yes.  And we can talk

16    about that at the side.

17         THE COURT:  Anything else on the motions to strike?

18         And, then, we can go to sidebar on the other issue.

19         MR. BURNS:  No.

20         MR. GIBBONS:  No, your Honor.

21         THE COURT:  So, let's go to sidebar quickly.

22         MS. SCHELLER:  Your Honor, I don't believe the County

23    needs to participate in the sidebar.

24         MR. MICHALIK:  No.

25         MS. SCHELLER:  Is that --

1          THE COURT:  Correct.

2          MS. SCHELLER:  -- correct?

3          MR. TAYLOR:  No.

4          THE COURT:  You do not.

5          MS. SCHELLER:  Thank you.

6      (Sealed proceedings had at sidebar:)

7                    *    *    *    *    *

8

9  I certify that the foregoing is a correct transcript from the
   record of proceedings in the above-entitled matter.

10

11
   /s/ Joseph Rickhoff                    December 18, 2018
12 Official Court Reporter

13

14

15

16

17

18

19

20

21

22

23

24

25