UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALONZO SMITH, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 1:16-cv-03404 |
| ) | |
| v. ) | |
| ) | |
| JON BURGE, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**BOB HERCULES' MOTION TO INTEREVENE AND UNSEAL COURT RECORDS**

Petitioner BOB HERCULES, by his counsel LOEVY & LOEVY, respectfully seeks leave to intervene in this case to request that this Court unseal Defendant Richard M. Daley's Sealed Motion for Protective Order, Defendant Richard M. Daley's Renewed Motion for Protective Order, and Mr. Smith's Response to the renewed motion, as well as any transcripts associated with these court records. In support of his petition, Mr. Hercules submits the following:

**I. INTRODUCTION**

Plaintiff Alonzo Smith named former Chicago mayor Richard Daley as a Defendant in this lawsuit. After the Court denied Daley's motion to dismiss, Daley moved for a protective order over discovery taken in the case. The Court denied Daley's first motion for the protective order after an *in camera* hearing and granted Daley's renewed motion for the protective order in part at a hearing held in chambers. Daley's motions for the protective order and Plaintiff's response remain under seal and inaccessible to the public. Without access to the motions and response, the public cannot understand the basis for the Court's decision and the public's ability to challenge that order is impeded.

Asserting his First Amendment right to access court documents, Mr. Hercules, a Peabody Award-winning documentary filmmaker, seeks leave to intervene in this case and requests that the Court unseal Defendant Daley's Sealed Motion for Protective Order, his Renewed Motion for a Protective Order, Plaintiff's Response to the renewed motion, and any transcripts associated with these court records.[1] As explained below, Mr. Hercules has standing to intervene in the case, and Defendant Daley must show good cause for keeping the court documents under seal.

## II.    STATEMENT OF FACTS

In 2016, Alonzo Smith named former Chicago mayor Richard Daley as a Defendant in this lawsuit. *Smith v. Burge*, 222 F. Supp. 669, 676 (N.D. Ill. 2016). This Court denied Daley's motion to dismiss in part, finding that there were credible allegations "that Defendant Daley, as Chicago's Mayor, participated in a conspiracy to conceal evidence of police torture[.]" *Id.* at 697.

After his motion to dismiss was denied, Daley moved for a protective order. Sealed motion, No. 1:16-cv-03404, ECF #111. The Court held a hearing on the motion *in camera* and later denied the motion without prejudice. Minute entry, No. 1:16-cv-0304, ECF #142; Minute entry, No. 1:16-cv-0304, ECF #161. After, Defendant Daley filed a renewed motion, and the Court granted it in part at a hearing held in chambers. Minute entry, No. 1:16-cv-03404, ECF #168. Daley's Motion for Protective Order, Renewed Motion for Protective Order, and Mr. Smith's Response remain under seal on the Court's docket. Sealed motion, No. 1:16-cv-03404, ECF #111; Sealed motion, No. 1:16-cv-03404, ECF #162; Sealed response, No. 1:16-cv-03404, ECF #167.

---

[1] The docket shows that there were hearings held *in camera* on both Daley's Sealed Motion for Protective Order and Renewed Motion for Protective Order, but no transcripts of those hearings (sealed or otherwise) appear on the docket. Minute entry, No. 1:16-cv-0304, ECF #142 (*in camera* hearing on Daley's Sealed Motion for Protective Order); Minute entry, No. 1:16-cv-03404, ECF #168 (*in camera* hearing on Daley's Renewed Motion for Protective Order). To the extent there are transcripts of the Court's *in camera* hearings, Mr. Hercules asks that those also be unsealed.

### III. ARGUMENT

Our courts are public institutions and are presumed to operate openly in full public view. *In re Associated Press*, 162 F.3d 503, 506 (7th Cir. 1998). Accordingly, the public has both a common law and a First Amendment right to access court proceedings and documents. *See e.g. Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 603 (1982); *Press-Enterprise Co. v. Superior Court*, 464 U.S. 501 (1984); *Grove Fresh Distributors Inc. v. Everfresh Juice Co.*, 24 F.3d 893, 897 (1994) (superseded on other grounds by *Bond v. Utreras*, 585 F.3d 1061 (7th Cir. 2009)). In particular, "[t]he First Amendment presumes that there is a right of access to proceedings and documents which have 'historically been open to the public' and where the disclosure of which would serve a significant role in the functioning of the process in question." *Id.* (quoting *Press-Enterprise*, 464 U.S. at 510). Here, the "process in question" is the parties' briefing of the protective order issue and the Court's decision to grant the protective order.

Importantly, the sealing of pleadings, motions, and briefs is disfavored, and any party seeking to shield court filings from the public must show good cause. *In re Bank One Securities Litigation*, 222 F.R.D. 582, 587 (N.D. Ill. 2004). And, if a court's sealing order is ever challenged, the party advocating for the order must continue to show good cause for why the order should remain intact. *Id.*

#### A. Mr. Hercules has standing to intervene in this case

Federal Rule of Civil Procedure 24(b) "support[s] a request of intervention for the purposes of challenging confidentiality orders." *Jessup v. Luther*, 227 F.3d 993, 997 (7th Cir. 2000); Fed. R. Civ. P. 24(b). Accordingly, the Seventh Circuit has "recognized intervention as the logical and appropriate vehicle by which the public and the press may challenge" a protective order sealing court records. *Jessup*, 227 F.3d at 997. Where there is "no live controversy ongoing," as is the case here, an intervenor must establish "the requirements of Article III by showing an actual or

imminent invasion of a legally protected interest." *Bond*, 585 F.3d at 1065 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).

It is beyond dispute that "the First Amendment provides a presumption that there is a right of access to proceedings and documents which have historically been open to the public and where the disclosure of which would serve a significant role in the functioning of the process in question." *Associated Press*, 162 F.3d at 506. Thus, "the general right of public access to judicial records is enough to give members of the public standing to attack a protective order that seals [court records] from public inspection." *Bond*, 585 F.3d at 1074.

Mr. Hercules seeks to intervene in this case in order to unseal certain court documents. *Jessup*, 227 F.3d at 997. In so doing, he is asserting a right of access under the First Amendment. *Associated Press*, 162 F.3d at 506; *Bond*, 585 F.3d at 1074. Because this general right confers standing, Mr. Hercules has standing to intervene in this case. *Id.*; *Jessup*, 227 F.3d at 997.

### B. Daley must show good cause to keep the court documents under seal

The sealing of court filings such as pleadings, briefs, and memoranda is disfavored. *Bank One*, 222 F.R.D. at 587 (citing *Pepsico Inc. v. Redmond*, 46 F.3d 29, 30 (7th Cir. 1995)) ("The Seventh Circuit routinely discourages the entire sealing of pleadings and briefs.").

Under Federal Rule of Civil Procedure 26(c) a court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c). When a court enters such an order, as the Court has in this case, the party advocating for the order "must continue to show good cause or confidentiality when challenged." *Bank One*, 222 F.R.D. at 586. In other words, it is Defendant's burden to "show that disclosure" of the contents of the documents at issue "will result in a clearly defined and serious injury, by pointing to specific demonstrations of fact." *Global Material Tech., Inc. v. Dazheng Metal Fibre Co., Ltd.*, 133 F. Supp. 1079, 1084 (N.D. Ill. 2015) (internal quotations omitted). And,

this "harm must be significant." *Id.* (quoting *Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1121 (3rd Cir. 1986)).

Furthermore, the Court's good cause determination "protects only those portions of the document for which good cause has been shown." *Bank One*, 222 F.R.D. at 587. Confidential information "may be redacted," but if Defendant fails to "show good cause to maintain the confidentiality of any part of the pleading, the entire document will be unsealed and no longer removed from public access." *Id.* And, "[i]f there is any doubt as to whether the materials should be sealed, it is resolved in favor of disclosure." *Id.* at 586.

Because these documents remain under seal, Mr. Hercules and any other member of the public is deprived of all information surrounding the Court's decision to grant the protective order. Sealed motion, No. 1:16-cv-03404, ECF #111; Sealed motion, No. 1:16-cv-03404, ECF #162; Sealed response, No. 1:16-cv-03404, ECF #167. This is especially significant because this appears to be the only case where the former mayor spoke under oath about what he knew about decades of systemic police torture. Fran Spielman, *$5.25 million settlement adds to legal tally from Burge-era police torture cases*, Chicago Sun-Times (Mar. 5, 2019). Further, the sealing of these documents makes any attempt to challenge the applicability of the protective order more difficult, as there is no way for the public to know the basis for the Court's decision to grant the protective order.

As the case law makes clear, any party perpetuating the sealing order in this case must show good cause for why Defendant Daley's Motion for Protective Order and Renewed Motion for Protective Order and Plaintiff's Response remain under seal and hidden from the public. *Bank One*, 222 F.R.D. at 586. Mr. Hercules disputes that Daley will be able to do so.

## IV. CONCLUSION

For the foregoing reasons, this Court should grant Mr. Hercules' Motion to Intervene and require Defendant to show good cause for the continued sealing of Defendant Daley's Motion for Protective Order, Defendant Daley's Renewed Motion for Protective Order, and Plaintiff's Response to the renewed motion.

- 7 -

RESPECTFULLY SUBMITTED,

/s/ *Matthew V. Topic*

_____

Attorneys for Plaintiff

Matthew Topic
Joshua Burday
Merrick Wayne
Shelley Geiszler
LOEVY & LOEVY
311 North Aberdeen, 3rd Floor
Chicago, IL 60607
312-243-5900
foia@loevy.com

**CERTIFICATE OF SERVICE**

I, Matthew Topic, an attorney, hereby certify that on August 24, 2021, I caused the foregoing BOB HERCULES' MOTION TO INTEREVENE AND UNSEAL COURT RECORDS to be served on all counsel of record via the Court's CM/ECF system.

*/s/ Matthew V. Topic*

Case: 1:16-cv-03404 Document #: 256 Filed: 08/24/21 Page 8 of 8 PageID #:3256