**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ALONZO SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 16-cv-3404 |
| | ) | |
| v. | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| JON BURGE, et. al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

For the reasons stated below, Intervenor Bob Hercules' motion to unseal court records [256] is granted in part and denied in part. The parties are directed to deliver to the Courtroom Deputy, no later than March 13, 2023, a set of the briefs [111, 162, 167] and transcripts at issue so that the Court may make the necessary redactions and then file redacted versions on the public docket as soon as possible and certainly by the end of the month.

**DISCUSSION**

The matter before the Court concerns the effort of Intervenor Bob Hercules, a documentary filmmaker, to obtain access to certain sealed pleadings and transcripts in this case, which settled more than four years ago. The pleadings and transcripts concern two motions for a protective order filed on behalf of former Chicago Mayor Richard M. Daley [111, 162]. Those motions sought to preclude Plaintiff from deposing Mayor Daley due to health-related concerns.

In the extensive briefing and in-camera hearings that followed, the parties vigorously debated whether the standard for a protective order was satisfied. Judge St. Eve denied the initial motion for protective order without prejudice [see 161] and later granted in part and denied in part the renewed motion for the same relief [see 168]. In her oral ruling on the renewed motion, Judge St. Eve set out guidelines for counsel to follow in taking the Mayor's deposition. That deposition proceeded in three sessions, each of which Judge St. Eve attended. Following the last session, Judge St. Eve also allowed Plaintiff to serve requests to admit on the former Mayor. A few months later, the case settled.

Years later, Hercules filed his motion to intervene and to unseal court records [156]. The Court granted leave to intervene [see 272]. Then, after reviewing the relevant sealed docket entries and transcripts, the Court directed the parties to file briefs on Hercules' request that certain court records [see 111, 162, 167] and associated transcripts be unsealed. Mayor Daley objects to that request [see 275], maintaining that the court records were properly sealed and should remain out of the public domain. Hercules insists that at least some version of the briefs and rulings should be made public [see 277].

The issue before the Court requires balancing of the public's interest in access to court proceedings, including the basis for the Court's ruling on the motion for protective order on the one hand (see, *e.g.*, *Jessup v. Luther*, 277 F.3d 926, 927-28 (7th Cir. 2002); *Union Oil Co. v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000), and the legitimate privacy interests of Mayor Daley in regard to his medical circumstances and associated medical records (see, *e.g.*, *Gibson v. Milwaukee County*, 2015 WL 12964665, at *1 (E.D. Wis. Mar. 26, 2015) on the other. While the court filings include extensive discussion of the Mayor's health, this Court will note here only what has previously been made public—namely, that in January 2014, Mayor Daley was hospitalized for "what were described as 'stroke-like' symptoms" ("Former Mayor Daley to Speak for First Time Since Last Year's Illness," NBC 5 Chicago, Jan. 8, 2015) and that last year he was hospitalized for a "neurological event" (John Byrne, "Former Mayor Richard Daley leaves hospital after 'neurological event,'" Chicago Tribune, June 14, 2022). Nothing more need be said about the Mayor's medical conditions, either in this order or in the redacted versions of the documents and transcripts that will be made available on the docket. Hercules, in fact, disavows any interest in "any specific health information protected by HIPAA or the MHDDCA." [277, at 6.] Nevertheless, the public does have a right to know that concerns about Mayor Daley's health conditions were the driving force behind (a) Judge St. Eve's rulings on the motions for protective order, (b) her careful guidance to the parties on the ground rules for the deposition that took place in three sessions, and (c) her decision to allow Plaintiff to serve further written discovery requests after the deposition concluded. The Court will redact the briefs [111, 112, 167] consistent with the discussion above, and will do the same as to the transcripts. Once the redactions are complete, the redacted versions will be placed on the docket.

Dated: March 6, 2023

                                                                         Robert M. Dow, Jr.
United States District Judge