IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ALONZO SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 16-cv-3404 |
| | ) | |
| v. | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| JON BURGE, et. al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

The parties are directed to review the order below and to refile the pleadings and transcripts discussed below, incorporating the Court's rulings on which portions of those documents should be redacted. Those redactions have been transmitted to the Courtroom Deputy and are shown, either directly on the documents with black marker or by listing the pages and lines to be redacted. Each party is directed to retrieve from the Courtroom Deputy as soon as possible, and no later than May 16, the documents that they provided in early March and to resubmit them with the redactions professionally no later than May 23. The Clerk will then file the resubmitted documents on the public docket.

## DISCUSSION

The matter before the Court concerns the effort of Intervenor Bob Hercules, a documentary filmmaker, to obtain access to certain sealed pleadings and transcripts in this case, which settled more than four years ago.

Since the issuance of the Court's March 6, 2023, order [278], the parties have submitted and the Court has carefully reviewed the pleadings and transcripts concerning two motions for a protective order filed on behalf of former Chicago Mayor Richard M. Daley [111, 162, 167]. As previously noted, Intervenor has disavowed any interest in "any specific health information protected by HIPAA or the MHDDCA." [277, at 6.] Nevertheless, the public does have a right to know that concerns about Mayor Daley's health conditions were the driving force behind (a) Judge St. Eve's rulings on the motions for protective order, (b) her careful guidance to the parties on the ground rules for the deposition that took place in three sessions, and (c) her decision to allow Plaintiff to serve further written discovery requests after the deposition concluded. This requires the unsealing of certain documents that previously have been sealed in their entirety, followed by the refiling of those documents with appropriate redactions. In making the redactions, the Court has endeavored to balance the public's interest in access to court proceedings, including the basis for the Court's ruling on the motion for protective order on the one hand (see, *e.g.*, *Jessup v. Luther*, 277 F.3d 926, 927-28 (7th Cir. 2002); *Union Oil Co. v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000), with the Mayor's legitimate privacy interests in regard to his medical circumstances and associated

medical records (see, *e.g.*, *Gibson v. Milwaukee County*, 2015 WL 12964665, at *1 (E.D. Wis. Mar. 26, 2015).

Consistent with the foregoing discussion and the Court's prior orders in this matter, the Court has determined appropriate redactions. Those redactions will be transmitted to the Courtroom Deputy either directly on the documents with black marker or by listing the pages and lines to be redacted. Each party is directed to retrieve from the Courtroom Deputy within 7 days the documents that they provided in early March and to resubmit them with the redactions professionally made within 7 additional days.

With respect to Defendant Daley's motion for protective order [111], the document is to be filed with redactions as well as unsealed versions of Exhibits A and B to that motion. Exhibits C and D, which are affidavits of medical providers, will remain sealed.

With respect to Defendant Daley's renewed motion for protective order [162], the document is to be filed with redactions.

With respect to Plaintiff's response to Defendant Daley's renewed motion for protective order [167], the document is to be filed with redactions as well as unsealed versions of Exhibits A, C, D, I, J, K, L, M, and N to that motion. Exhibits B, E, F, G, and H, which relate to Defendant Daley's medical conditions, will remain sealed.

The transcript of proceedings before Judge St. Eve on February 15, 2017, is already on the docket [105] and never was sealed.

The transcript of proceedings before Judge St. Eve on September 19, 2017, will remain under seal, as it is almost entirely medical testimony and any other matters discussed are adequately referenced in the unredacted portions of the briefs on the motions referenced above.

The transcript of proceedings before Judge St. Eve on December 7, 2017, is to be filed without any redactions.

The transcript of proceedings before Judge St. Eve on January 24, 2018 [271], will remain under seal except for pages 98 to 109. The portions of the transcript prior to page 98 consist almost entirely of additional medical testimony picking up from the September 19, 2017, hearing. However, the final 12 pages contain Judge St. Eve's guidance to the parties—essentially an oral ruling on the motion for protective order—and thus are to be unsealed and publicly available.

Dated: May 9, 2023

_____
Robert M. Dow, Jr.
United States District Judge