```
 1                    IN THE UNITED STATES DISTRICT COURT
                        NORTHERN DISTRICT OF ILLINOIS
 2                             EASTERN DIVISION

 3   ALONZO SMITH,                     ) Docket No. 16 C 3404
                                       )
 4                   Plaintiff,        )
                                       )
 5              vs.                    )
                                       )
 6   JON BURGE, et al.,                ) Chicago, Illinois
                                       ) January 24, 2018
 7               Defendants.           ) 3:00 o'clock p.m.

 8          EXCERPT OF PROCEEDINGS - EVIDENTIARY HEARING
                BEFORE THE HONORABLE AMY J. ST. EVE
 9
     APPEARANCES:
10
     For the Plaintiff:       PEOPLE'S LAW OFFICES
11                            BY:  MR. G. FLINT TAYLOR, JR.
                                   MS. JOEY L. MOGUL
12                            1180 North Milwaukee Avenue
                              Chicago, Illinois  60622
13
     For Defts. Shines,       REITER BURNS, LLP
14   Needham, Hillard, Daley  BY:  MR. TERRENCE M. BURNS
     & Estate of Leroy Martin:     MR. PAUL A. MICHALIK
15                            311 South Wacker Drive, Suite 5200
                              Chicago, Illinois  60606
16
     Also Present:            MS. SUZANNE STRATER, Law Clerk
17                            DR. ERIC TERMAN

18   Court Reporter:          MR. JOSEPH RICKHOFF
                              Official Court Reporter
19                            219 S. Dearborn St., Suite 1232
                              Chicago, Illinois  60604
20                            (312) 435-5562

21
                  * * * * * * * * * * * * * * * *
22
                       PROCEEDINGS RECORDED BY
23                     MECHANICAL STENOGRAPHY
                  TRANSCRIPT PRODUCED BY COMPUTER
24

25
```

 1              THE WITNESS:  Certainly.  Thank you.

 2        (Brief recess.)

 3              THE COURT:  So, I have thoughts on this and can

 4   preview where I am going.  I have read everything.  We have

 5   been living with this for a while.  It is time to move on.  If

 6   you want to make any arguments or make any comments to me,

 7   first, you can.  I am inclined to tell you what I am thinking

 8   and, then, work together toward where we are going.

 9              I am not hearing any --

10              MR. BURNS:  I'm amenable to that.

11              THE COURT:  -- strong opposition to that.

12              Ms. Mogul, is that an opposition?  Is the look to

13   Mr. Taylor an opposition?

14              MS. MOGUL:  No, your Honor.  I mean, I understand.  I

15   know you've read everything.  And, so, I don't want to repeat

16   it.  I think we would like to hear your thoughts.

17              THE COURT:  Okay.

18              So, here is where I am going, based on my review of

19   everything.  The standard is good cause, and you have moved to

20   not have a deposition go forward for good cause.  You do not

21   meet that standard, in my view.  However, you also do not meet

22   what plaintiffs have been advocating -- to sit for a

23   traditional seven-hour deposition, or however many hours.

24              This is where I am going -- and I want your input,

25   and I am hoping that we can work together towards something.

1    I found Dr. Hanlon incredibly experienced, credible,

2    competent.  There were no biases there.  I did not get the

3    sense he was trying to come out one way or the other.  He

4    gave, in my view, reliable opinions and with no bias.  I have

5    so many witnesses, experts come in with a bias leaning.  I did

6    not get that sense at all, including because he did not opine

7    on exactly what you wanted him to opine on, Mr. Burns.  He did

8    not say he was not able to give oral statements.  He said he

9    cannot do it in the traditional manner.

10    In light of everything -- the medical evidence I

11    reviewed, Dr. Hanlon's testimony, the results of the

12    neuropsychological test scores, the fact that Mr. Daley still

13    sits on the Board of Directors of Coca-Cola, he is listed as

14    Executive Chairman for Tur Partners, he is Of Counsel at

15    Katten -- I have your latest affidavit.  Whether this other

16    partner accompanies him wherever he goes or not, the fact is

17    he is out meeting with clients or doing other events for

18    Katten where I am sure he is speaking to people and not just

19    silently coming along and letting the other partner talk for

20    him.

21    But in light of the testimony of Dr. Hanlon and the

22    restrictions, this is where my thinking is and this is where I

23    am hoping that you can reach agreement:  That Mr. Daley should

24    be questioned in a deposition setting.  Where that takes

25    place, who else is present besides the lawyers and for how

1    long of periods we go are all open questions.

2           Some type of written questions or at least topic

3    areas should be provided in advance, but the plaintiffs have

4    the opportunity and the right to be able to ask spontaneous

5    follow-up and not to have to give all questions in advance.

6           I think it is fair to require you to turn over some

7    form of written questions/information/topics in some level of

8    detail -- not just "Jon Burge"; with some level of detail --

9    for Mr. Daley, to assist in getting reliable answers from him,

10   for the reasons Dr. Hanlon explained, in advance of his

11   testimony.

12          I am only giving these guidelines or outline at the

13   moment for deposition testimony.  Whether this is admissible

14   at trial is a whole separate question that we will get to at

15   the appropriate point.

16          And here is something else I want to throw out for

17   your consideration.  This will not all take place in one

18   event.  How long the first session should be, I want to talk

19   to you about and get your input.  And I am hoping with this

20   guidance you can actually reach agreement; and, if not, I will

21   tell you.

22          But I am hoping that you can consult with the

23   doctors, whoever you need to consult with, and reach agreement

24   on what the guidelines should be with what I have just given

25   you.

1          But in light of what I have heard, I am going to

2    want, after that first day, before there is a second day --

3          MS. MOGUL:  Right.

4          THE COURT:  -- to view -- at a minimum, view -- the

5    video.

6          MS. MOGUL:  Right.

7          THE COURT:  The other option is for me to attend the

8    deposition, so that I can make an assessment about

9    reliability.  I am not a physician, but I have seen --

10          MR. TAYLOR:  You played one --

11       (Laughter.)

12          MS. MOGUL:  Well, you've watched more testimony than

13    most.

14          THE COURT:  I have, yes, presided over, I think, 130

15    trials, and God only knows how many thousands of witnesses

16    have testified.

17          So, I will want to see his testimony, either live or

18    via video, after that first day to make a further assessment

19    -- if I think he is giving reliable answers or if they are

20    reliable enough to go to a second day or if maybe we change

21    the parameters after that first day.

22          MR. BURNS:  Are you willing to attend?

23          THE COURT:  I am --

24          MR. BURNS:  Not a seven-hour deposition, of course.

25    That, I assure you.

1       THE COURT:  Well, I do not think he is capable of a

2   seven-hour.

3       MS. MOGUL:  And we proposed doing it at one- or

4   two-hour increments.  We don't have an issue with that at all.

5       THE COURT:  I know it is highly unusual and I do not

6   know that it has ever happened before, but for -- I am willing

7   to attend if there is no objection to my attending.  That

8   would certainly be one factor.  And I am willing to attend as

9   an observer --

10      MR. BURNS:  No, I understand.

11      THE COURT:  -- not as a --

12      MR. BURNS:  Sure, the referee of question and answer.

13      THE COURT:  Right.

14      MR. BURNS:  I'm concerned -- we expressed in our

15  motion to begin with that, I mean, deposition -- if we are to

16  accept what we've learned through the medical, as well as what

17  we've learned through him, videotaping it, preserving that

18  serves only really to embarrass him.  I mean -- and that's why

19  I think if you're willing to do it, I would prefer we do it in

20  that manner.

21      THE COURT:  And this will be under seal.  Nothing can

22  happen with that video deposition without further order of the

23  Court.

24      And I do not think you are here to embarrass --

25      MS. MOGUL:  No, and --

1        THE COURT:  -- him.

2        And somebody will be in lots of trouble if there is a

3   leak of that deposition.  I do not think that is anybody's

4   intention, though.

5        MS. MOGUL:  As we put in our motion -- our

6   response -- we're willing to put it under seal.  Our only --

7   and to be honest, have considered foregoing the video.  We're

8   just concerned, though, that depending on when this goes to

9   trial, if we need that testimony, we want to preserve it via

10  video.  That's the only reason why.  And, as we noted,

11  potentially to give to you, your Honor, in case there's issues

12  between the deps.

13       So, at this point, we're happy -- we're fine and

14  we're willing to proceed under seal for sure.

15       THE COURT:  Okay.

16       So, that is my guidance to you.  What I would like

17  you to do is see if you can work out the details with the

18  guidance I have given you, including whether there is an

19  objection to my attending.

20       I think it would be helpful for me to attend to

21  observe him.

22       MR. BURNS:  I don't have an objection to that.

23       MS. MOGUL:  We don't either.  I guess -- well, I

24  don't think we do.

25       MR. TAYLOR:  Well, no, we don't.

1         MS. MOGUL:  We would actually think about doing it

2   here, if that would be convenient for you.  The only issue is

3   could we videotape it if it was here.

4         THE COURT:  I do not know if we can videotape it.

5         Location, I want you to talk about that to see if

6   there is a better setting that might be --

7         MS. MOGUL:  Okay.

8         THE COURT:  -- where you might get -- where you think

9   you might get -- more reliable answers.

10         MS. MOGUL:  Okay.

11         THE COURT:  I do not know if you can do videotaping.

12   If it is here, I worry a little bit more about the public

13   aspect of it, if he is coming into the courthouse, that --

14         MR. BURNS:  Appreciate that concern.

15         THE COURT:  I know we want to keep this under seal,

16   but I am sensitive to that.

17         I know I have video capabilities.  I do not know

18   about taping in the courtroom.  We would have to -- Joe can

19   look into that.

20         MR. TAYLOR:  Well, we can find a neutral site.

21         THE COURT:  Yes, a neutral site.  I do not know if it

22   is better if he is in a more comfortable setting.  So, I am

23   willing to work with you on that.

24         But that is my proposal.

25         MR. BURNS:  What do you suggest, then, as far as

1    coming back to you?

2            THE COURT:  I would like you to talk about this and

3    come back in a week --

4            MR. BURNS:  Okay.

5            THE COURT:  -- with your, hopefully, agreed proposal.

6    If you cannot agree, then I will tell you.  But I am hoping I

7    have given you enough guidance that you can agree on where.

8            MS. MOGUL:  Okay.

9            MR. TAYLOR:  Okay.

10           MS. MOGUL:  Well, we are back here on Monday.  Is it

11   possible that we could try to get this done by Monday?

12           THE COURT:  That would be ideal if you can do it by

13   Monday.

14           MR. BURNS:  Tomorrow, after a hearing, I'm flying to

15   Dallas and not coming back until Sunday night.  If we could

16   extend a couple more days beyond that --

17           MS. MOGUL:  That's fine.  Okay.

18           MR. BURNS:  -- at least at a minimum.

19           MS. MOGUL:  That's fine.

20           THE COURT:  Why don't you tell me where you are on

21   Monday.  At the latest, I would like to have it by next

22   Thursday.  I mean, you can come back if you are not ready on

23   Monday, just the --

24           MR. BURNS:  Sure.  I mean, we'll get something

25   preliminary to you, Judge.

1          THE COURT:  We will have a sidebar on Monday on our

2    regular status and you can tell me where you are.  There are

3    not a lot of details to fill in, because I think I have given

4    you enough guidance; but, I am hoping that you can work out

5    some of these -- the specifics -- about how long each session

6    should be, format of written-type questions in advance.

7          I am not going to require you to submit every written

8    question you are going to ask.  But I do think, from what

9    Dr. Hanlon said, it would be helpful to have some meat on the

10   bones given to Mr. Daley in advance, in hopes of getting more

11   reliable information.

12         And we may have the first day of deposition and say

13   scrap it.  You may all agree to.  We may have the first day of

14   deposition and say, we got a lot more than we thought; we can

15   proceed sooner than we thought or go longer next time.  This

16   will be a little bit fluid.

17         MR. BURNS:  That's fair.

18         Judge, I know currently there was -- what? --

19   requests to admit that were sent out to all defendants.  That

20   would include him.  Can we defer those until we get this

21   resolved?

22         THE COURT:  Let's defer those until we get this

23   resolved.

24         MR. BURNS:  Okay.

25         THE COURT:  I do not see --

1          MS. MOGUL:  Okay, let me say this.  Those are the

2    kind of requests to admit that are really more directed to

3    counsel than they are to Mr. Daley.  It's about medical

4    records and foundational requirements and the details --

5          THE COURT:  We are only deferring them until next

6    week.

7          MS. MOGUL:  Okay.  That's fine.

8          THE COURT:  So, you can defer that --

9          MR. BURNS:  Thank you.

10         THE COURT:  -- until we meet next week.

11         So, we will have our regular status on Monday --

12         MS. MOGUL:  Yes.

13         THE COURT:  -- if that is the day you tell me it is.

14         I am granting the motion, in part, and denying it, in

15   part, along the lines that I have just told you, with the

16   details to be filled in, hopefully, by agreement; and, if not,

17   I will fill them in.  But lawyers are always happier when it

18   is by agreement than when you are told.

19         MR. TAYLOR:  And so are Judges, right?

20         THE COURT:  I do not mind.  I will tell you.  But I

21   am trying to do what is best for the case.  You know more of

22   some of these intricacies than I do.

23         MR. BURNS:  All right.  Then we will have a

24   preliminary report by Monday, and then certainly, I think you

25   said, by Thursday we will have something fine line.

```
 1              THE COURT:  Yes.  I will have you come back on -- we

 2    will talk about it on Monday, but I will have you come back if

 3    Thursday works for everybody.

 4              MS. MOGUL:  Okay.

 5              Can you just give me -- right now we do have a

 6    deposition that may be proceeding in this case on Monday --

 7    Thursday.  Can you just give me a time when you would like us

 8    back and I'll rearrange the dep around that.

 9              THE COURT:  It can be Wednesday, if that is better

10    for you.

11              MS. MOGUL:  Wednesday is wide open.

12              THE COURT:  January 31st.

13              MR. BURNS:  I'll do whatever, Judge.

14              THE COURT:  We will do 8:45 --

15              MR. BURNS:  I have no excuse.  I'm in town.

16              MS. MOGUL:  Okay.

17              THE COURT:  -- on January 31st.

18              MS. MOGUL:  Thank you.

19              THE COURT:  Did you file this latest affidavit?

20              MR. MICHALIK:  No.

21              MR. BURNS:  No.

22              THE COURT:  I want to make sure you are not giving me

23    the only --

24              MR. BURNS:  No.

25              MR. MICHALIK:  No.
```

```
 1              THE COURT:  Okay.  That is not the original.

 2              MR. BURNS:  No.

 3              THE COURT:  So, you should file that under seal so we

 4  have it in the record.

 5              MR. BURNS:  All right, Judge.

 6              THE COURT:  You got a copy?

 7              MS. MOGUL:  We did.

 8              MR. TAYLOR:  Yes, we did.

 9              THE COURT:  All right.

10              So, I will see you on Monday.  We will touch base,

11  see where you are.  Then I will have you come back on January

12  31st at 8:45 and --

13              MR. BURNS:  Go from there.

14              THE COURT:  -- to the extent you have not finalized

15  the details, we will finalize them.

16              MS. MOGUL:  Okay.  Great.

17              Thank you.

18              MR. BURNS:  Thank you, your Honor.  Appreciate all

19  the time.

20              THE COURT:  Thank you.

21              MR. MICHALIK:  Thank you.

22                        *    *    *    *    *

23  I certify that the foregoing is a correct excerpt from the
    record of proceedings in the above-entitled matter.
24

25  /s/ Joseph Rickhoff                    March 28, 2018
    Official Court Reporter
```