IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
SEP 25 2023
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| ALONZO SMITH, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 16 C 3404 |
| Former Chicago Police Department Commander JON BURGE, et al., | ) Judge Amy J. St. Eve |
| | ) Magistrate Judge Mary M. Rowland |
| Defendants. | ) |

### DEFENDANT DALEY'S RENEWED MOTION FOR PROTECTIVE ORDER TO PRECLUDE HIS VIDEOTAPED DEPOSITION (*FILED UNDER SEAL*)

Defendant, Richard M. Daley, by his attorney, Terrence M. Burns of Dykema Gossett PLLC, for his renewed motion for a protective order to preclude his videotaped deposition in this matter, states:

1. This renewed motion is directed to the notice for videotaped deposition of Mr. Daley issued by plaintiff's counsel. Initially in response to that notice, counsel for Mr. Daley sought a protective order to preclude his videotaped deposition. (Dkt. #111). The motion was supported by affidavits and medical reports of Mr. Daley's current treating physicians, Dr. Eric Terman and Dr. Richard Bernstein. In the interests of brevity and economy, this renewed motion adopts and incorporates by reference the discussion and medical evidence set forth in support of that initial motion.

2. As this Court is aware, plaintiff's allegations against Mr. Daley cover a wide range of issues involving his many years of public service in two separate positions. However, as set forth in the reports and affidavits of Dr. Terman and Dr. Bernstein, ███████
███████████████████████████████████████
███████████████████████████████████████

██████████████████████████████████████
██████████████████████████████████████
████████████████████████████, his neurologic deficits would not allow him to express or communicate reliable, consistent, and accurate testimony in response to questions. Moreover, given Mr. Daley's current neurologic condition, the process of preparing for a deposition in this matter would pose an insurmountable hardship on him in light of his inability to comprehend and process language. ████████████
██████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████
████████████ The previous motion (like this renewed motion) therefore sought a protective order precluding Mr. Daley's videotaped deposition in this matter.

3. After the original motion was filed, plaintiff's counsel requested additional medical information beyond that attached to the motion. Plaintiff's counsel and their retained expert, Dr. Bajwa, requested and were provided with reports of MR and MRA imaging studies, along with a CD of those films. (RMD 1-17). Plaintiff's counsel thereafter requested copies of certain medical records pertaining to Mr. Daley, which also were provided for their review. (RMD 18-180).

4. On September 19, 2017, the Court held an in-chambers hearing on the motion. Dr. Terman was present, and Dr. Bernstein attended by videoconference. Dr. Bernstein was questioned extensively by the parties and the Court during the hearing. At the end of the questioning, the Court asked Dr. Bernstein if there could be any accommodation for Mr. Daley's deficits, such as by answering written questions. Dr. Bernstein responded that he was unable to

provide an opinion on the issue of accommodation, but that a neuropsychological battery would be helpful in order to answer the Court's question.

5. The Court also raised a question at the hearing as to whether Mr. Daley was still practicing law at Katten Muchin. Counsel for Mr. Daley obtained an affidavit from the law firm that indicated he had not billed any time for legal services rendered to a Katten client within the past two years. (RMD 181-182).

6. Following Dr. Bernstein's questioning at the in chambers hearing, arrangements were made for a neuropsychological evaluation of Mr. Daley. That evaluation was performed by Dr. Robert Hanlon over two dates, November 27, 2017 and December 13, 2017.

7. While the parties were awaiting the completion of Dr. Hanlon's evaluation, this Court on December 7, 2017 denied Mr. Daley's motion for a protective order without prejudice. The Court indicated Mr. Daley had not yet met his burden since his treating physicians could not rule out any form of accommodated deposition without neuropsychological testing. The Court further granted Mr. Daley leave to refile the motion by December 18, 2017. (Dkt. #161). Mr. Daley now submits Dr. Hanlon's report in support of this renewed motion to preclude his videotaped deposition. (A copy of Dr. Hanlon's report (RMD 183-190), which is dated December 13, 2017, is being provided separately to plaintiff's counsel and the Court.) Dr. Hanlon's report provides further support for Mr. Daley's request for a protective order precluding his videotaped deposition, and further addresses the possibility of an accommodation.

8. Federal Rule of Civil Procedure 26(c) provides, in pertinent part, that a party from whom discovery is sought may move for a protective order, and the Court, for good cause shown, may issue an order to protect that party from annoyance, embarrassment, oppression, or undue burden. FRCP 26(c)(1). Further, the relief provided by the Court can include forbidding

the requested discovery. FRCP 26(c)(1)(A). Based on the evidence and materials presented to this Court, Mr. Daley seeks a protective order pursuant to Federal Rule of Civil Procedure 26(c) to preclude his videotaped deposition. This request is supported by affidavits and medical information provided by Mr. Daley's treating physicians, the additional medical records produced to plaintiff's counsel and Dr. Bajwa, the Katten affidavit, and Dr. Hanlon's just completed report of neuropsychological evaluation. In addition, Dr. Hanlon's report addresses the Court's inquiry as to whether some manner of accommodation might be possible.

9. Based on the medical and neuropsychological information provided, Mr. Daley is unable to properly prepare for a deposition or provide accurate or reliable testimony in response to questions at a videotaped deposition. Mr. Daley asks this Court to enter a protective order precluding his videotaped deposition in this matter, and to provide any further relief this Court deems appropriate and consistent with the medical and neuropsychological information provided in support of the motion.

WHEREFORE, for the foregoing reasons, Defendant Richard M. Daley, respectfully requests that this Court enter a protective order pursuant to Rule 26(c) to preclude his videotaped deposition in this matter, and for any further relief this Court deems appropriate.

Dated: December 18, 2017                            Respectfully submitted,

                                                    s/ Terrence M. Burns
Terrence M. Burns                                   One of the Attorneys for Defendant,
Paul A. Michalik                                    Richard M. Daley
Dykema Gossett PLLC
10 South Wacker Dr., Suite 2300
Chicago, Illinois 60606
(312) 876-1700
(312) 627-2302 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that on December 18, 2017, I electronically filed the foregoing **Renewed Motion for Protective Order** with the Clerk of the Court using the ECF system, which sent electronic notification of the filing on the same day to all counsel of record via the Court's CM/ECF system.

By: /s/ Terrence M. Burns

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALONZO SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 16 C 3404 |
| ) | |
| Former Chicago Police Department ) | Judge Amy J. St. Eve |
| Commander JON BURGE, et al., ) | |
| ) | Magistrate Judge Mary M. Rowland |
| Defendants. ) | |

### DEFENDANT DALEY'S RENEWED MOTION FOR PROTECTIVE ORDER TO PRECLUDE HIS DEPOSITION

# RMD 183-RMD 190
# (FILED UNDER SEAL)