**FILED**
SEP 25 2023
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

```
                IN THE UNITED STATES DISTRICT COURT
                   NORTHERN DISTRICT OF ILLINOIS
                          EASTERN DIVISION


ALONZO SMITH,                      ) Docket No. 16 C 3404
                                   )
                Plaintiff,         )
                                   )
          vs.                      )
                                   )
JON BURGE, et al.,                 ) Chicago, Illinois
                                   ) December 7, 2017
                Defendants.        ) 8:53 o'clock a.m.


              TRANSCRIPT OF PROCEEDINGS - STATUS
             BEFORE THE HONORABLE AMY J. ST. EVE


APPEARANCES (For Excerpt):


For the Plaintiff:          PEOPLE'S LAW OFFICES
                            BY: MR. G. FLINT TAYLOR, JR.
                                MS. JOEY L. MOGUL
                            1180 North Milwaukee Avenue
                            Chicago, Illinois  60622


For Defts. Shines,          DYKEMA GOSSETT, PLLC
Needham, Hillard, Daley     BY: MR. PAUL A. MICHALIK
& Estate of Leroy Martin:   10 South Wacker Drive, Suite 2300
                            Chicago, Illinois  60606


Court Reporter:             MR. JOSEPH RICKHOFF
                            Official Court Reporter
                            219 S. Dearborn St., Suite 1232
                            Chicago, Illinois  60604
                            (312) 435-5562


          * * * * * * * * * * * * * * * * * *

              PROCEEDINGS RECORDED BY
               MECHANICAL STENOGRAPHY
           TRANSCRIPT PRODUCED BY COMPUTER
```

```
 1            THE CLERK: 16 C 3404, Smith vs. Burge.
 2                    *    *    *    *    *
 3       (Proceedings had at sidebar, under seal:)
 4            THE COURT: What is the status of the additional
 5  testing as to Mr. Daley?
 6            MR. MICHALIK: The testing was completed on, I think
 7  it was, November -- it was the Monday before Thanksgiving --
 8  or the Monday after Thanksgiving rather. The testing was
 9  completed. It's my understanding it was all-day testing. And
10  Mr. Burns was able to talk to a family member who indicated
11  that they are hopeful to receive a report within a week.
12            THE COURT: Of today?
13            MR. MICHALIK: Yes.
14            THE COURT: Okay.
15       Do you have any preliminary results from the testing?
16            MR. MICHALIK: I do not.
17            THE COURT: Okay. So, we will see where that is.
18       There has been a motion pending since March, that I
19  am going to deny without prejudice because the affidavits that
20  you submitted in support of that motion, along with the other
21  evidence that the Court has obtained -- namely, what the
22  doctor said: That they could not conclusively say that there
23  were not conditions that could be imposed that would enable
24  him to sit for a deposition. They could not say that without
25  this testing.
```

1    I am denying that motion without prejudice to refile.
2    And if you want to refile, you should refile any
3 motion by -- do you think you can do it before the end of the
4 year.
5    MR. MICHALIK: We will.
6    (Brief pause.)
7    THE COURT: So, let's do it by December 18th then.
8    If you want to go ahead and come back here -- I will
9 assume you are going to file a motion. If you do not, we can
10 cancel it. But if you want to come back here, take your pick,
11 the 20th or the 21st, and we can talk about the motion.
12    MS. MOGUL: The 21st, your Honor.
13    MR. TAYLOR: I'm sorry, what time?
14    THE COURT: Katie is going to tell us.
15    (Brief pause.)
16    THE COURT: 9:00 a.m.
17    MS. MOGUL: Okay.
18    THE COURT: So, you can refile any motion by December
19 18th, and then 9:00 a.m. on December 21st for a status as to
20 Mr. Daley only.
21    MR. TAYLOR: There's one other issue related, Judge,
22 that --
23    MS. MOGUL: Can I raise it?
24    The issue with respect to the affidavit, your Honor.
25 You asked that they provide any billing records or affidavit

1  related to billing records. We don't believe that this
2  affidavit sufficiently answers your question.
3       THE COURT: That is one of the pieces of evidence
4  that I am considering in denying the motion, because the
5  burden has not been met on the motion. And if he is getting
6  paid, I have questions about what he is getting paid for and
7  what -- if it is just a contractual obligation or if he is
8  getting paid for meeting with clients, even if he is not
9  billing, or otherwise.
10      But the burden is not on you.
11      MS. MOGUL: I understand.
12      THE COURT: The burden is on them. So, I have
13  considered that affidavit in denying the motion.
14      MS. MOGUL: Thank you.
15      MR. TAYLOR: Thank you, Judge.
16      THE COURT: Is there anything else?
17      MR. MICHALIK: That's it.
18      THE COURT: Thank you.
19      MS. MOGUL: Thank you.
20      (End of excerpt.)
21             *   *   *   *   *
22  I certify that the foregoing is a correct excerpt from the
    record of proceedings in the above-entitled matter.
23
24  /s/ Joseph Rickhoff                      January 8, 2018
25  Official Court Reporter