```
 1                  IN THE UNITED STATES DISTRICT COURT
                       NORTHERN DISTRICT OF ILLINOIS
 2                           EASTERN DIVISION

 3   ALONZO SMITH,                    )  Case No. 16 C 3404
                                      )
 4               Plaintiff,           )
                                      )
 5        v.                          )
                                      )
 6   JON BURGE, et al.,               )
                                      )  Chicago, Illinois
 7                                    )  January 15, 2025
                  Defendants.         )  10:01 a.m.
 8

 9              TRANSCRIPT OF PROCEEDINGS - STATUS
            BEFORE THE HONORABLE VIRGINIA M. KENDALL
10

11   APPEARANCES:

12   For the Intervenor:   LOEVY & LOEVY
                           BY:  MR. MATTHEW V. TOPIC
13                              MS. SHELLEY GEISZLER
                           311 N. Aberdeen Street, 3rd Floor
14                         Chicago, Illinois 60607

15
     For the Respondent:   BURNS NOLAND LLP
16                         BY:  MR. TERRENCE M. BURNS
                                MR. PAUL A. MICHALIK
17                         311 S. Wacker Drive, Suite 5200
                           Chicago, Illinois 60606
18

19   Court Reporter:       GAYLE A. McGUIGAN, CSR, RMR, CRR
                           Official Court Reporter
20                         219 S. Dearborn Street, Room 2524A
                           Chicago, Illinois 60604
21                         312.435.6047
                           gayle_mcguigan@ilnd.uscourts.gov
22

23                           * * * * *
                   PROCEEDINGS REPORTED BY STENOTYPE
24        TRANSCRIPT PRODUCED USING COMPUTER-AIDED TRANSCRIPTION

25
```

| | |
|---|---|
| 1 | (Proceedings heard in open court:) |
| 2 | THE CLERK:  Our first case is 16 C 3403 [sic.], Smith |
| 3 | versus Burge. |
| 4 | Please present yourselves. |
| 5 | MR. TOPIC:  Good morning, your Honor. |
| 6 | Matt Topic for the intervenor, Bob Hercules. |
| 7 | THE COURT:  Good morning. |
| 8 | MS. GEISZLER:  Good morning, your Honor. |
| 9 | Shelley Geiszler, also for intervenor Bob Hercules. |
| 10 | THE COURT:  Good morning. |
| 11 | MR. BURNS:  Good morning, your Honor. |
| 12 | Terry Burns -- |
| 13 | THE COURT:  Good morning.  I haven't seen you two for |
| 14 | a while. |
| 15 | MR. BURNS:  It has been a while, Judge. |
| 16 | THE COURT:  Good morning. |
| 17 | MR. BURNS:  I like your new space. |
| 18 | THE COURT:  Right, my new gig. |
| 19 | MR. BURNS:  Terry Burns for the respondent. |
| 20 | THE COURT:  Good morning. |
| 21 | MR. MICHALIK:  Paul Mahalik for the respondent. |
| 22 | THE COURT:  Good morning. |
| 23 | So I just inherited this, what, just at the end of |
| 24 | December, right? |
| 25 | So tell me what I have and what's going on, okay? |

1         MR. TOPIC: Sure.

2         Your Honor, it's a motion to vacate the prior

3 protective order that covers former Mayor Daley's deposition in

4 this case.

5         We successfully intervened, I guess a couple years ago

6 now at this point, first to unseal the papers around the

7 protective order and the protective order itself. And that was

8 not entirely, but mostly unsealed.

9         This is now a motion in light of, you know, having

10 seen the order and the -- kind of the -- how it transpired and

11 what the grounds were, seeking to vacate the protective order,

12 which would allow a willing speaker to produce it and would

13 also get the protective order out of the way of a State Freedom

14 of Information Act request that the order is being used as a

15 basis to withhold the video of the deposition.

16         THE COURT: Okay. And what is it needed for? What is

17 the deposition needed for?

18         MR. TOPIC: Well, the intervenor is a documentary

19 filmmaker who wishes to disseminate it to the public.

20         THE COURT: Got it. Okay.

21         And your position?

22         MR. BURNS: We oppose it, Judge.

23         We've dealt with this since Judge St. Eve entered the

24 protective order. Thereafter, this matter was brought by the

25 same petitioner. We were before Judge Dow, who had to place

1  himself in the stead of Judge St. Eve, and ruled on it.  There
2  was a ruling, Judge, I think it's March of 2023.
3        We view this, honestly, your Honor, as just simply a
4  motion to reconsider the rulings that have been entered
5  previously by the Court.  But because of the protective order,
6  I can't get into detail, certainly publicly here on the record,
7  your Honor, so I have some restraints in terms of our response
8  here today.
9        THE COURT:  Did you file a written response to this
10 motion?
11       MR. BURNS:  No, ma'am.  We were waiting --
12       THE COURT:  Okay.
13       MR. BURNS:  When we saw that it was finally assigned
14 to you --
15       THE COURT:  Okay.
16       MR. BURNS:  -- I know there was uncertainty as -- and
17 it did come in, I think, the day before Christmas.
18       THE COURT:  Right.  I think I got the case the day
19 after Christmas.
20       So I think I'll need a written response, especially --
21 I mean, I can look at the old ones, but certainly I'll need to
22 know what the position is since the last order was a number of
23 years ago now, right?
24       MR. BURNS:  March of 2023 --
25       THE COURT:  '23.

1        MR. BURNS:  -- is when Judge Dow considered this
2    extensively --
3        THE COURT:  Okay.
4        MR. BURNS:  -- and entered his order.
5        THE COURT:  All right.  Do you not want a written
6    response?
7        MR. BURNS:  No, I mean --
8        THE COURT:  Oh, okay.
9        MR. BURNS:  -- I'm happy to do that, Judge, because I
10   think it's important that you, considering this, you're going
11   to have to put yourself in his stead and the stead before of
12   Judge St. Eve of what they knew, what they did.
13       Anything that I do I think has to be under seal,
14   though.  I mean, so --
15       THE COURT:  Oh, sure, I have --
16       MR. BURNS:  -- I'm concerned until --
17       THE COURT:  -- no problem with that.
18       MR. BURNS:  So with leave of your Court, we would --
19       THE COURT:  And believe it or not, they haven't left
20   the planet, like I see them and speak with them regularly, so
21   it won't be too difficult.  It's not like they're gone.
22       MR. BURNS:  No, that's true.
23       THE COURT:  Right?
24       MR. BURNS:  One is more accessible possibly, perhaps,
25   than the other.

| | |
|---|---|
| 1 | THE COURT: Right. Okay. Which one? |
| 2 | (Laughter.) |
| 3 | MR. BURNS: You tell me. |
| 4 | THE COURT: Well, how long do you need to give me a |
| 5 | written response? |
| 6 | (Counsel conferring.) |
| 7 | MR. BURNS: May we ask the Court for approximately |
| 8 | 40 -- 42 days? |
| 9 | THE COURT: Okay. That's fine. I'll give you 42 |
| 10 | days. |
| 11 | MR. BURNS: Thank you, your Honor. |
| 12 | THE COURT: And then will you want to do a reply? |
| 13 | MR. TOPIC: Yes, your Honor. Fourteen days should be |
| 14 | sufficient -- |
| 15 | THE COURT: Two weeks? Okay. |
| 16 | So we've got six and then two, please. |
| 17 | And it will be under seal. |
| 18 | MR. BURNS: Yes, ma'am. |
| 19 | THE COURT: Yours is not under seal. |
| 20 | MR. TOPIC: If I may just address that point. |
| 21 | If they wish to file something under seal, they should |
| 22 | file a motion for leave to file under seal. |
| 23 | And they can cite to whatever they want to to support |
| 24 | that, but this sort of oral motion to seal, with no showing of |
| 25 | good cause, I don't think is really compliant with how -- |

1 THE COURT: Were they under seal before because of the
2 content of the deposition?
3 MR. TOPIC: The only thing I believe that's still
4 under seal is the deposition itself, which, contrary to what
5 counsel said, has never been addressed.
6 We did not move to unseal the video or transcript
7 itself. We simply, in the past, moved to unseal the papers
8 around the protective order.
9 So it is not true that there's ever been any ruling or
10 addressing whatsoever of the actual deposition itself, which is
11 why we are here.
12 So if they want to file something under seal, there's
13 a procedure for that. You file a motion for leave to file
14 under seal, and that's what -- that's what they should do. And
15 if they can show that there's good cause, then it can be
16 sealed.
17 But I don't think it should be sealed in advance
18 before we even know what's in it or what the grounds are to
19 seal it.
20 THE COURT: Okay. So this is the way I'll do it.
21 You may file it under seal, along with your motion to
22 respond to -- in your response to the motion to vacate, file
23 separately your basis for keeping it under seal. If they are
24 sufficient under the law, then I will keep it under seal. If
25 not, I will give you notice that I intend to unseal it. Okay?

|   |   |
|---|---|
| 1  | And then we could have a hearing. |
| 2  | But that way you can get your filing done in your six |
| 3  | weeks without any issues. |
| 4  | You, of course, will be able to access it on the |
| 5  | docket, as I am. |
| 6  | And we'll go from there.  Okay? |
| 7  | MR. TOPIC:  Thank you. |
| 8  | MR. BURNS:  All right, Judge. |
| 9  | THE COURT:  Thanks very much. |
| 10 | MULTIPLE SPEAKERS:  Thank you, your Honor. |
| 11 | THE CLERK:  Did you want me to give dates? |
| 12 | THE COURT:  I do, please.  That would be helpful. |
| 13 | THE CLERK:  Response will be due on February 26th. |
| 14 | Reply by March 3rd. |
| 15 | MULTIPLE SPEAKERS:  Thank you. |
| 16 | THE COURT:  Thank you. |
| 17 | THE CLERK:  20 C 7487 and 20 C 7488 -- |
| 18 | MR. TOPIC:  I'm so sorry.  Was it March 26th -- sorry. |
| 19 | February 26th and March 3rd?  It was 14 days, I think, for our |
| 20 | reply. |
| 21 | THE COURT:  It was. |
| 22 | THE CLERK:  Oh, I'm sorry.  March 12th. |
| 23 | MR. TOPIC:  Very good.  Thank you. |
| 24 | THE CLERK:  Apologize for that error. |
| 25 | THE COURT:  Wait.  March 26th is six weeks out?  Or is |

1   it --

2       THE CLERK:  February 26th.

3       THE COURT:  February 26th, okay.  And March 12th.

4       Okay.  Thank you.

5     (Concluded at 10:07 a.m.)

6                 * * * * *

7   I certify that the foregoing is a correct transcript of the

8   record of proceedings in the above-entitled matter.

9

10   */s/ GAYLE A. McGUIGAN*                    *January 29, 2025*
     GAYLE A. McGUIGAN, CSR, RMR, CRR

11   Official Court Reporter

12

13

14

15

16

17

18

19

20

21

22

23

24

25