```
                IN THE UNITED STATES DISTRICT COURT
                   NORTHERN DISTRICT OF ILLINOIS
                         EASTERN DIVISION

ALONZO SMITH,                      )  Case No. 16 C 3404
                                   )
            Plaintiff,             )
                                   )
       v.                          )
                                   )
JON BURGE, et al.,                 )
                                   )  Chicago, Illinois
                                   )  March 20, 2025
            Defendants.            )  9:31 a.m.


            TRANSCRIPT OF PROCEEDINGS - STATUS
         BEFORE THE HONORABLE VIRGINIA M. KENDALL


APPEARANCES:

For the Intervenor:    LOEVY & LOEVY
                       BY:  MS. SHELLEY GEISZLER
                       311 N. Aberdeen Street, 3rd Floor
                       Chicago, Illinois 60607


For the Respondent:    BURNS NOLAND LLP
                       BY:  MR. TERRENCE M. BURNS
                            MR. PAUL A. MICHALIK
                       311 S. Wacker Drive, Suite 5200
                       Chicago, Illinois 60606


Court Reporter:        GAYLE A. McGUIGAN, CSR, RMR, CRR
                       Official Court Reporter
                       219 S. Dearborn Street, Room 2524A
                       Chicago, Illinois 60604
                       312.435.6047
                       gayle_mcguigan@ilnd.uscourts.gov


                          * * * * *
             PROCEEDINGS REPORTED BY STENOTYPE
    TRANSCRIPT PRODUCED USING COMPUTER-AIDED TRANSCRIPTION
```

1       (Proceedings heard in open court:)
2              THE CLERK: Our first case is 16 C 3404, Smith versus
3  Burge.
4              THE COURT: Good morning.
5              MS. GEISZLER: Good morning, your Honor. Shelley
6  Geiszler for intervenor Bob Hercules.
7              THE COURT: Good morning.
8              MR. BURNS: Good morning, your Honor. Terry Burns,
9  appearing on behalf of Mr. Daley.
10             THE COURT: Good morning.
11             MR. MAHALIK: Paul Mahalik, also on behalf of
12 Mr. Daley.
13             THE COURT: Good morning.
14             All right. So I have not had a chance to go through
15 all of the briefing on this yet, and so I don't have a ruling
16 to give to you.
17             I know that it would just -- it just became fully
18 briefed, like, I don't know, a few days ago, right?
19             MS. GEISZLER: That's correct, your Honor.
20             We filed our reply brief on March 12, but we did
21 notice a motion for today requesting that the Court compel
22 defendant Daley to serve an unredacted copy of the sealed
23 response brief so that we can have full access to Daley's
24 arguments in that brief and so that we can tender a full
25 response to the Court.

1   THE COURT: Do you have some kind of protective order
2   in place that makes that Attorneys' Eyes Only?
3   MS. GEISZLER: We do not have a protective order, your
4   Honor. The Court's January 15th order just ordered that the
5   briefs be filed under seal.
6   THE COURT: Right.
7   MS. GEISZLER: There was no specific finding of good
8   cause as to a protective order for us as to any information in
9   those briefs. We did --
10  THE COURT: I think that orally I did. I believe that
11  I adopted the previous court's rulings for keeping it sealed
12  until I had an opportunity to review it, so that -- and there
13  were findings as to why something should be filed under seal.
14  And so then I said I would revisit that once I reviewed the
15  briefing.
16  MS. GEISZLER: Understood, your Honor.
17  I think what we're asking for today -- we're a little
18  unsure as to the full scope of Daley's arguments right now in
19  the brief because we simply don't have access to them.
20  In an attempt to resolve this without motion practice,
21  we did reach out to Daley's counsel. We offered to receive a
22  copy of the unredacted brief on an Attorneys' Eyes Only basis,
23  we wouldn't share it with our client, just simply so that we
24  could be privy to the full arguments and be able to tender a
25  full response to the Court. And our reply brief, under the

1   Court's January 15th order, would be under seal so that
2   wouldn't be on the public docket.  And we would agree to that
3   Attorneys' Eyes Only protective order over not receiving the
4   full brief at all.
5               THE COURT:  Lynn, when I look at this docket -- oh, I
6   see where it is.  You're up in 302, right?  For the response?
7   I'm sorry.  I'm talking to my courtroom deputy, on the docket.
8               THE CLERK:  I think 302 is the redacted one, and then
9   303 is the unredacted.
10              THE COURT:  Okay.  Let me take a look at what's
11  redacted.
12       (Pause.)
13              THE COURT:  So it seems like it's the medical
14  condition that's been redacted.
15              MS. GEISZLER:  It's specific confidential non-public
16  medical information.  That is your -- your Honor's
17  understanding.
18              THE COURT:  Got it.
19              What's your response?
20              MR. BURNS:  Judge, we did object and told them we
21  would not.  As you know, there's been a lot of briefing, even
22  in this moment since they filed the motion to intervene, but
23  there have been the orders previously, not only beginning with
24  Judge St. Eve, but following with Judge Kendall.  All this
25  information -- excuse me, Judge Dow.

1            THE COURT: I was going to say --

2            MR. BURNS: You're Judge Kendall.

3     (Laughter.)

4            MR. BURNS: Haven't gotten that far yet --

5            THE COURT: Who is that brilliant judge?

6     (Laughter.)

7            MR. BURNS: I'm reading here.

8            But all of that is protected. It's been protected

9 since 2018. And it would obviously fly in the face of what's

10 happened to say, well, we'll give it to you under any

11 circumstances. You said you would consider it and make a

12 determination, and that's what we presumed would happen.

13            THE COURT: Right.

14            I'm going to have to -- I have to stay with that. I

15 think that if we have -- we've had two judges already review it

16 and find it to be confidential and not to be shared.

17            So let me look at it. I have not looked at it. I

18 know that you just got it fully briefed a few days ago, and I

19 need to review it. And then once I review it, I can make a

20 better decision as to whether or not it's something that you

21 can see. If it is, I'm sure it would be solely with Attorneys'

22 Eyes Only if -- if it were to be released. And we can work

23 that out if that's where it's going to go. Okay?

24            MS. GEISZLER: Understood, your Honor.

25            The only thing that we'd ask is, if your Honor does

1  make the determination that we can see the full unredacted
2  brief on any basis, that we have leave to respond to the
3  arguments that we were unable to access at that time.
4        THE COURT: Right.
5        I don't think they're arguments. I think they're
6  facts, from what I look at here. I mean, I didn't read the --
7  I didn't do the briefing, but it looks to me like they are the
8  facts of the medical diagnosis. Okay? So that would be an
9  argument as to why it should be unredacted, would be that
10 reason. Okay?
11       But I'll take a look at it. Give me a few weeks.
12       Let's see, Lynn, can we go into -- I'm going to be
13 gone sitting on another court for a couple weeks, so let's see
14 if we can go maybe like four or five weeks out.
15       THE CLERK: We can go five weeks out, your Honor.
16 April 24th at 9:30.
17       THE COURT: Okay. April 24th. Does that work?
18       MR. BURNS: Absolutely, Judge.
19       THE COURT: All right. And let me just review all of
20 this. And thank you for coming in. I understand your
21 arguments.
22       MS. GEISZLER: Thank you, your Honor.
23       THE COURT: Thank you. Have a good day.
24       MR. BURNS: Your Honor, if I may?
25       Is that your plain ruling or another hearing on the

1    motion at that time?
2            THE COURT:  Oh, I don't know.
3            MR. BURNS:  Okay.  That's fine.
4            THE COURT:  I'm hoping that it will be a ruling, that
5    I will be all ready to give you a ruling.  That's my goal,
6    okay?
7            MR. BURNS:  Thanks, Judge.
8            MS. GEISZLER:  On the underlying motion -- on all of
9    it is what your Honor is saying.
10           THE COURT:  Well, right, I think it's all
11   interrelated.  I mean, if I come to the conclusion that you
12   would like, that I think that you should be able to get it,
13   that I would -- I'll give you an order that says "Having
14   reviewed it, you're now permitted to respond to it."  And then
15   I would move that hearing, and we'd go -- and more fully
16   discuss it.  Okay?
17           MS. GEISZLER:  Understood, your Honor.
18           THE COURT:  Yes.
19           MS. GEISZLER:  Thank you.
20           THE COURT:  I have to go step by step by step with
21   this one.
22           MS. GEISZLER:  Of course.
23           THE COURT:  All right.  Thanks, gentlemen.
24           MR. BURNS:  Thank you.
25           MS. GEISZLER:  Thank you very much.

1    THE COURT:  Have a good day.
2    (Concluded at 9:37 a.m.)
3                         * * * * *
4    I certify that the foregoing is a correct transcript of the
5    record of proceedings in the above-entitled matter.
6
7    */s/ GAYLE A. McGUIGAN*                         *April 10, 2025*
     GAYLE A. McGUIGAN, CSR, RMR, CRR
8    Official Court Reporter