THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALONZO SMITH, | ) <br> ) |
| *Plaintiff*, | ) No. 16 C 03404 |
| v. | ) <br> ) Chief Judge Virginia M. Kendall |
| JOHN BURGE, *et al.*, | ) <br> ) |
| *Defendants*. | ) <br> ) <br> ) |

### ORDER

The Court grants in part Intervenor Bob Hercules's Motion to Compel Service of Unredacted Response Brief Under L.R. 26.2(e) and for Leave to File Supplemental Reply. [308]. Defendant Richard M. Daley is ordered to serve Hercules's counsel with the unredacted copy of his Response to Hercules's Motion to Vacate Protective Order, (Dkt. 303), by Thursday, April 24, 2025. Because the unredacted response contains protected health information, the Court's prior protective order, (Dkt. 110), is extended to the exchange of all documents and information in connection with Hercules's Motion to Vacate Protective Order, (Dkt. 293). Hercules's counsel is ordered to comply with the terms of that order, including treating the unredacted response on an "attorneys' eyes only" basis. Hercules is granted leave to file a supplemental Reply in support of his Motion to Vacate Protective Order under seal by Monday, May 5, 2025. Hercules is ordered to serve Daley with copies of his reply and supplemental reply on the same date. Finally, the Court requests Daley's counsel provide a copy of the deposition transcript for in camera review as it considers the merits of Hercules's motion to vacate. (*See* Dkt. 302 at 16 n.11). The status hearing set for April 24, 2025 is stricken and reset for May 22, 2025 at 9:30 a.m.

### DISCUSSION

Before the Court is Intervenor Bob Hercules's Motion to Compel Service of Defendant Richard M. Daley's unredacted response to Hercules's Motion to Vacate a protective order preventing the disclosure of a videotaped deposition that Alonzo Smith's counsel took of Daley in 2018. (Dkt. 308; *see* Dkt. 293 at 3).

Local Rule 26.2(e) provides that "[a]ny sealed document served on any other party and any judge's paper courtesy copy must be a complete version, without any redactions made to create the public-record version unless otherwise ordered for good cause shown." Daley, however, argues the rule does not apply to his response because Hercules is a third-party with no greater right to the unredacted response than any member of the public and because prior Court orders prevent the disclosure. (*See* Ex. 1, Dkt. 308-1 at 2).

1

While Hercules is a third-party, the District Court granted him leave to intervene. (Dkt. 272). Generally, individuals who are granted leave to intervene pursuant to Fed. R. Civ. P. 24 "become a party to the lawsuit." *See, e.g.*, *Williams v. Gen. Elec. Cap. Auto Lease, Inc.*, 159 F.3d 266, 269 (7th Cir. 1998). Having successfully intervened, Daley is incorrect that Hercules stands in the same shoes as any other member of the public. The Court sees no reason to treat this matter any differently than it would have if an original party to the case filed the motion to compel. Moreover, Daley's unredacted response gets to the heart of the matter underpinning Hercules's Motion to Vacate the protective order. Withholding that document from him without a showing of good cause—as L.R. 26.2(e) instructs—simply because he is an intervenor would deprive Hercules of an opportunity to fully respond, thereby forcing the Court to rule on his motion based on incomplete briefing.

The Court has closely reviewed all prior orders issued in this case. (*See, e.g.*, Dkt. 110; Dkt. 278; Dkt. 279; Ex. 2, Dkt. 293-1 at 7–19). The only one that could plausibly be read to apply to the disclosure of Daley's unredacted response is Dkt. 110, Judge St. Eve's 2017 Qualified HIPAA and MHDDCA "Attorneys' Eyes Only" Protective Order. Still, it would merely limit who could see the redactions in Daley's response, not bar disclosure outright. While the HIPPA and MHDDCA Order may not be directly on point, because it is limited to filings related to an earlier motion concerning the notice of Daley's deposition, the Court finds it necessary to extend the Order to cover all filings related to Hercules's Motion to Vacate. First, the spirit of the order applies with equal force here, because the court documents at issue disclose protected health information. Second, these proceedings are directly related to the deposition that caused the Court to issue the Order in the first place. For these reasons, the Court denies Hercules's request for a general order compelling service to both him and his attorneys, and requires the document to be provided on an "attorneys' eyes only" basis. (*See* Dkt. 308 at 4 n.6).

Because Rule 26.2(e) applies and no prior order prevents disclosure to Hercules's attorneys, Daley can only resist service of the unredacted response "for good cause shown." L.R. 26.2(e). The Court finds none. Contrary to Daley's assertion that compelled disclosure "would render the protections afforded by the Court over Mr. Daley's private medical information a nullity," none of Daley's health information will be disclosed to anyone other than Hercules's lawyers. (Ex. 1, Dkt. 308-1 at 2). There is a world of difference between making Daley's health information public, which prior orders prevent, and providing access to a limited amount of information included in a responsive pleading to a small handful of attorneys. Any intrusion on Daley's privacy is minimal and substantially outweighed by the interest in having full briefing on the merits of Hercules's motion, which implicates matters of significant public concern.

_____
Virginia M. Kendall
United States District Judge

Date: April 23, 2025