IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ALONZO SMITH, Plaintiff,

v.

JON BURGE, et al., Defendants.

Case No. 16 C 3404

Chicago, Illinois
May 22, 2025
9:33 a.m.

TRANSCRIPT OF PROCEEDINGS - STATUS
BEFORE THE HONORABLE VIRGINIA M. KENDALL

APPEARANCES:

For the Intervenor: LOEVY & LOEVY
BY: MS. SHELLEY GEISZLER
311 N. Aberdeen Street, 3rd Floor
Chicago, Illinois 60607

For the Respondent: BURNS NOLAND LLP
BY: MR. TERRENCE M. BURNS
MR. PAUL A. MICHALIK
311 S. Wacker Drive, Suite 5200
Chicago, Illinois 60606

Court Reporter: GAYLE A. McGUIGAN, CSR, RMR, CRR
Official Court Reporter
219 S. Dearborn Street, Room 2524A
Chicago, Illinois 60604
312.435.6047
gayle_mcguigan@ilnd.uscourts.gov

* * * * *

PROCEEDINGS REPORTED BY STENOTYPE
TRANSCRIPT PRODUCED USING COMPUTER-AIDED TRANSCRIPTION

(Proceedings heard in open court:)

THE CLERK: Now calling case number 16 Civil 3404, Smith versus Burge.

THE COURT: Good morning.

MS. GEISZLER: Good morning, your Honor. Shelley Geiszler for intervenor, Bob Hercules.

THE COURT: Good morning.

MR. BURNS: Good morning, your Honor. Terry Burns appearing on behalf of Mr. Daley.

MR. MICHALIK: Paul Michalik also on behalf of Mr. Daley.

THE COURT: Good morning.

So now that I've got more fulsome briefing and I have a transcript, I guess I have questions.

So let me ask you, is the whole point of getting the deposition -- you want the video deposition? Is that what you want?

MS. GEISZLER: Yes, your Honor.

THE COURT: And the idea there is if you were to disclose the video deposition, it would show his medical condition? That's what your position is?

Isn't it open and public about what the medical condition was at the time?

MR. BURNS: If I may?

THE COURT: Yes.

MR. BURNS: To some limited extent. You saw what Judge Dow did decide to release when he was reviewing this.

THE COURT: Yes.

MR. BURNS: And there's very limited information. There's so much more, as I know the Court is aware of, extensive information that was provided to her Honor, Judge St. Eve, medical records, reports, testimony, hearings on it. There's so much more than simply --

THE COURT: Well, right. I know --

MR. BURNS: -- the snippet that came out.

THE COURT: I understand all that, but that doesn't really -- going back to you, if you were to get a portion of the video deposition and she were to play that, he's not saying anything about his medical condition, right?

So how does that reveal more -- all of this extensive medical briefing that you're discussing?

MR. BURNS: I think it does have an impact. It's difficult to take something out of context.

One of the comments that you may recall from the briefing that we've seen from the intervenor is this information can be presented, the public can make a decision.

THE COURT: Right.

MR. BURNS: It would be an impossibility.

When you think of what Judge St. Eve went through, the time, the effort, the multiple hearings, to suggest we'll

release it with some limited information and the public can decide, that would be an impossibility, your Honor, and I think the record establishes that. There's so much more to it.

That deposition --

(Brief audio interruption.)

THE COURT: Whoever is on WebEx, please mute yourself. We're in the courtroom right now.

(Pause.)

THE COURT: Thank you.

MR. BURNS: And I want to be -- obviously, Judge, if you were to have a hearing on this, the information --

(Brief audio interruption.)

MR. BURNS: I would hope or at least ask the Court if we could have in chambers some more information can be discussed --

THE COURT: Oh, absolutely, absolutely.

MR. BURNS: Yes, ma'am.

THE COURT: That is not a concern of mine.

MR. BURNS: Okay. All right.

THE COURT: I guess there's one more piece that I'm going to look at, which is the actual videotape. Can I get a copy of that?

MR. BURNS: That may take -- no one has it, Judge. Nobody --

THE COURT: Oh, where is it?

MR. BURNS: That's back to the original -- it was videotaped by the videographer, and it was sealed at that time. It has never been released to anybody. I don't even have it.

THE COURT: Oh, I see. Okay, okay. All right.

I'm sorry, I'm not ready to give you a ruling today. I got your new briefing, and I will review it and give you a ruling shortly.

MS. GEISZLER: Understood, your Honor.

If I may, I -- there's also plaintiff's counsel. Our understanding is that plaintiff's counsel in this case at least has access to the video deposition or a mechanism for obtaining it.

THE COURT: How so, if they don't know?

MS. GEISZLER: I'm only bringing this up because of our argument that plaintiff's counsel is a willing speaker that we touched on in the briefing and but for the protective order would disseminate the video.

So I don't know -- this is the first I'm hearing that nobody has access to the underlying video, so that's -- that's not my understanding.

THE COURT: Okay. Is that your understanding?

MR. BURNS: We were never given notice of anyone requesting it. It was sealed, Judge. That's why I don't have it, and no one else should have it but the videographer.

THE COURT: How would the plaintiff have it?

MR. BURNS: If he requested it or did something, it wasn't through notice to us. We would have been given some notice. That's why I maintain my view --

MS. GEISZLER: And I certainly don't want to represent that's -- that's true. That's just always been my understanding --

THE COURT: Okay.

MS. GEISZLER: -- of what I, as the intervenor, third party in the case, without the history that counsel has, you know, that there was a mechanism for the video to be at least reviewed by the Court certainly as part of these proceedings.

THE COURT: Can you find out?

MS. GEISZLER: Yes, I think we would be able to find out.

THE COURT: I mean, I think that is something I would like to know if that's -- if it's out there, right? So if you could just file a supplemental statement when you find out, that would be very helpful.

Thank you.

MS. GEISZLER: Yeah. And this is all just to go toward the Court having access to it --

THE COURT: Right.

MS. GEISZLER: -- and then being able to review it.

THE COURT: Right. Okay. All right. So I'm not going to give you something today. I'm not ready. But thank

you for the newer insights in the more fulsome briefing. Okay? I'll rule shortly.

MR. MICHALIK: Your Honor, if I could just reiterate a point Mr. Burns was starting to allude to, if there needs to be further hearing on this matter --

THE COURT: *In camera*.

MR. MICHALIK: -- it has to be *in camera*.

THE COURT: We understand.

MR. MICHALIK: Thank you.

MS. GEISZLER: And your Honor, would your Honor be reviewing the video prior to ruling on this matter?

THE COURT: I don't know if it even exists. To them, it's under seal and they don't have access to it. So I think they're surprised that there is access --

MS. GEISZLER: And I don't want to be representing --

THE COURT: Right. So that's why --

MS. GEISZLER: -- I know that for certain. I'm just saying this -- that's been my understanding.

THE COURT: I think we should find out if somebody has access to it, okay? And just let us know, okay?

All right. Thanks very much.

MULTIPLE SPEAKERS: Thank you.

MR. BURNS: Thank you, your Honor. Have a good weekend.

THE COURT: You, too.

(Concluded at 9:39 a.m.)

* * * * *

I certify that the foregoing is a correct transcript of the record of proceedings in the above-entitled matter.

*/s/ GAYLE A. McGUIGAN* *May 29, 2025*
GAYLE A. McGUIGAN, CSR, RMR, CRR
Official Court Reporter